FILED ___ ENTERED
LODGED ___ RECEIVED

JAN 15 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

Magistrate Judge Michelle L. Peterson

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> TRAYTON CHAZ BALLOT, <br><br> Defendant. | CASE NO. MJ25-021 <br><br> COMPLAINT for VIOLATION <br><br> 18 U.S.C. § 2244(b) and <br> 49 U.S.C. § 46506(1) |

BEFORE, Michelle L. Peterson, United States Magistrate Judge, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

### (Abusive Sexual Contact)

On or about January 15, 2025, within the special jurisdiction of the United States, that is, while aboard Alaska Airlines Flight 190, an aircraft traveling nonstop from Anchorage, Alaska to Seatac, King County, Washington, within the Western District of Washington and elsewhere, TRAYTON BALLOT did knowingly and intentionally engage in sexual contact with Minor Victim 1 (a juvenile), that is, touch Minor Victim

Complaint -1
*United States v. Trayton Chaz Ballot*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1's inner thigh multiple times, without Minor Victim 1's permission and with the intent to abuse, humiliate, degrade and arouse and gratify the sexual desire of any person.

All in violation of Title 18, United States Code, Sections 2244(b), and Title 49, United States Code, Section 46506(1).

I, Justin Collis, being first duly sworn on oath, depose and say:

## INTRODUCTION

1. The facts contained in this affidavit come from both from my personal observations and knowledge, and from information obtained from other law enforcement officers participating in this investigation. This affidavit is intended to set forth the facts relevant to the determination of probable cause for the requested complaint and does not set forth all my knowledge about this matter.

## AFFIANT BACKGROUND AND EXPERIENCE

2. I am employed as a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been employed with the FBI since September 2022. I am currently assigned to the Seattle Field Division where I am a member of the violent crime, gang, and Transnational Organized Crime – Western Hemisphere squad. I am currently designated as an Airport Liaison Agent (ALA) for violent crime for the SeaTac International Airport (SEA). Per United States Code, Title 49, Section 46506, Special Aircraft Jurisdiction of the United States, the FBI has been designated as the law enforcement agency responsible for investigating crimes that occur onboard an aircraft once the doors have closed, post boarding, including interference with a flight crew, or any physical or sexual assault.

3. I am a graduate of the Federal Bureau of Investigation Basic Field Training Course. I have received over 400 hours of investigative and legal classroom training which has provided me the ability to investigate numerous crimes, including drug related offenses. Prior to joining the FBI, I obtained a Bachelor of Science in Law Enforcement and worked as a financial investigator where I was tasked with reviewing financial

Complaint - 2
United States v. Trayton Chaz Ballot

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 exploitation of elders and vulnerable adults. I wrote suspicious activity reports and
2 worked with local Adult Protective Services to report the abuse. During my career with
3 the FBI, I have had training and experience investigating violent crimes against persons
4 and crimes against the government. As an Airport Liaison Agent, I have been involved in
5 multiple investigations involving offenses occurring in the special aircraft jurisdiction
6 and the special maritime and territorial jurisdiction of the United States, including
7 physical and sexual assaults.

8     4.    I am an investigative law enforcement officer of the United States within
9 the meaning of 18 U.S.C. § 2510(7). As such, I am empowered to conduct investigations
10 of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section
11 2516.

**SUMMARY OF PROBABLE CAUSE**

13     5.    I have received reports, documents and statements related to events that
14 occurred on January 15, 2025, aboard Alaska Airlines flight 190 from Anchorage to
15 SeaTac. According to reports, documents and statements I reviewed, Alaska Airlines
16 flight 190 left Anchorage, Alaska en route to SeaTac, Washington, within the Western
17 District of Washington on January 15, 2025.

18     6.    Minor Victim 1 (MV1), whose full name is known to me but not included
19 here because MV1 is a juvenile and this is a public filing, boarded flight 190 and took
20 her seat in row 30. MV1, who is 17 years old, was traveling with her mother and a
21 friend. MV1 was sitting in the window seat, with BALLOT seated in the middle seat
22 immediately adjacent to MV1, and MV1's friend sitting in the aisle seat.

23     7.    About an hour into the flight, BALLOT, who appeared to be asleep, moved
24 his hand onto MV1's upper and inner thigh and began rubbing her thigh. MV1 moved
25 his hand away.

Complaint - 3
*United States v. Trayton Chaz Ballot*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. A short time later, BALLOT again put his hand on MV1's inner thigh and began rubbing. Again, MV1 moved his hand away. A few minutes later, BALLOT again put his hand on her inner thigh. MV1 again pushed it away.

9. MV1 then placed a pillow on her thighs and put the tray table down on over the pillow. BALLOT moved his hand under the arm rest and tried to place his hand under the pillow and over her thigh. MV1 pressed down on the pillow to stop him. He pulled his hand away.

10. MV1 then took out her phone, typed a message indicating that the man next to her had touched her, and got up to show her mother the message, who was seated in the row behind her. MV1 also showed her friend the message.

11. Her mother told her to let the flight attendants know. MV1 got up and tried to shake BALLOT, who still appeared to be asleep, to ask him to move so she could get out of the row. He did not appear to awake and she moved past him to get out of the row.

12. She then found a flight attendant and reported what had happened. The flight attendant moved her to another seat.

13. MV1 did not consent to BALLOT touching her thigh at any point in the flight.

//
//
//
//
//
//
//
//
//

Complaint -4
*United States v. Trayton Chaz Ballot*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

14. Based on the above facts, I respectfully submit that there is probable cause to believe that TRAYTON BALLOT committed the crime of Abusive Sexual Contact, in violation of Title 18, United States Code, Section 2244(b), and Title 49, United States Code, Section 46506(1).

JUSTIN COLLIS, Complainant
Special Agent, FBI

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 15th day of January, 2025.

Michelle L. Peterson
United States Magistrate Judge

Complaint -5
*United States v. Trayton Chaz Ballot*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970