UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAYTON CHAZ BALLOT,<br><br>Defendant. | CASE NO. 25-cr-00012-JHC<br><br>ORDER |

# I

## INTRODUCTION

Before the Court is the Government's Motion to Admit Evidence Under Federal Rules of Evidence 413 and 404. Dkt. # 42. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. For the reasons below, the Court GRANTS the motion.

# II

## DISCUSSION

Federal Rule of Evidence 413 provides, "In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other

ORDER - 1

sexual assault. The evidence may be considered on any matter to which it is relevant." Fed. R. Evidence 413(a).  The rule defines "sexual assault" as "a crime under federal or state law . . . involving":

> **(1)** any conduct prohibited by 18 U.S.C. chapter 109A;
>
> **(2)** contact, without consent, between any part of the defendant's body — or an object — and another person's genitals or anus;
>
> **(3)** contact, without consent, between the defendant's genitals or anus and any part of another person's body;
>
> **(4)** deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
>
> **(5)** an attempt or conspiracy to engage in conduct described in subparagraphs (1)–(4).

*Id.* at (d).  And it imposes the following disclosure obligation: "If the prosecutor intends to offer this evidence, the prosecutor must disclose it to the defendant, including witnesses' statements or a summary of the expected testimony.  The prosecutor must do so at least 15 days before trial or at a later time that the court allows for good cause." *Id.* at (b).

Defendant does not dispute that this is a criminal case in which he is accused of a sexual assault.  But he contends that (1) the Government fails to meet the standard for "evidence that the defendant committed any other sexual assault"; (2) Rule 403 prohibits the evidence; and (3) the Government failed to meet its disclosure obligation. Dkt. # 55.  The Court disagrees.

Because Defendant's interactions with MV2 involve "uncharged and contested conduct, to be admissible under Rule 413, the proffered evidence must also satisfy the rule of conditional relevance set forth in" Rule 104(b).  *United States v. Porter*, 562 F. Supp. 3d 1162, 1168 (E.D. Cal. 2022) (citing *United States v. Norris*, 428 F.3d 907, 913–14 (9th Cir. 2005)).

> When determining whether there is sufficient evidence to satisfy Rule 104(b), the court is not required to make any preliminary finding that the government has proved the conditional fact. Instead, the court simply

ORDER - 2

examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence.

*Norris*, 428 F.3d at 914.

Based on the evidence reflected in the Government's submission, the Court believes that a jury *could* reasonably find by a preponderance of the evidence that Defendant committed the prior sexual assaults. *See* Dkt. ## 42, 44, and 66. To the extent Defendant points to any inconsistencies in the evidence, that is a matter for the adversarial process, including cross-examination. Further, evidence of the earlier prior incident falls within Rule 413(d)(2) and (3) as well as 18 U.S.C. § 2246(2), which involves conduct prohibited by 18 U.S.C. Chapter 109A. And evidence of both prior incidents involves "sexual contact" within the meaning of 18 U.S.C. § 2246(3), which involves conduct prohibited by 18 U.S.C. Chapter 109A as well as state law.

Nor does the Court believe Rule 403 bars the evidence. *See United States v. LeMay*, 260 F.3d 1018, 1027-28 (9th Cir. 2001) (listing five factors to consider). First, the similarity factor weighs strongly in favor of the Government, as each of the three incidents involve relatively young (12/13 to 17 years old) females who were asleep. Second, the temporal proximity factor favors the prosecution, as the prior incidents took place in 2019/2020 and 2022. Third, the frequency factor also weighs in favor of the Government, because there were two prior incidents. Fourth, the intervening circumstance factor does not appear to favor either side; the Court does not see how the Defendant's move to a different village affects the analysis. Finally, as for the necessity factor, the Ninth Circuit has instructed that prior acts evidence "must simply be helpful or *practically necessary*." *LeMay*, 260 F.3d at 1029 (emphasis in original). And this factor

ORDER - 3

favors the prosecution for a number of reasons, including: the similarity of the acts renders the evidence highly relevant, including with respect to Defendant's intent[1] and MV1's credibility.

Finally, the Court finds that the Government timely met its disclosure obligation. As mentioned above, the Government must disclose such evidence, "including witnesses' statements *or* a summary of the expected testimony . . . at least 15 days before trial or at a later time that the court allows for good cause." Fed. R. Evid. 413(b) (emphasis added). Trial is scheduled for September 8, 2025. As the Government represents, in February 2025, it disclosed the police reports attached as Exhibit A to the motion. *See* Dkt. # 44. And as it represents, on August 21, 2025, it produced video and audio recordings of MV2's child forensic interview. Also, as the defense acknowledges, on August 25, 2025, the Government produced a report of its interview of MV2. Moreover, the present motion, filed on August 15, 2025, summarizes the evidence. And again, to the extent the defense sees inconsistencies in the evidence, that is a matter for the adversarial process, including cross-examination.

### III

### CONCLUSION

For the reasons above, the Court GRANTS the motion.

Dated this 4th day of September, 2025.

*John H. Chun*
John H. Chun
United States District Judge

---

[1] The Court believes the evidence is also admissible under Rule 404(b). As discussed above, because the evidence is relevant as to intent, it is material; it is not too remote in time, it is sufficient under the preponderance of the evidence standard, and it involves acts similar to the offence charged. *See infra*. At this time, the Court need not reach the Rule 608 issue raised by the Government.

ORDER - 4