UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAYTON CHAZ BALLOT,<br><br>Defendant. | CASE NO. 25-cr-00012-JHC<br><br>ORDER |

# I
## INTRODUCTION

This matter comes before the Court on Defendant Trayton Chaz Ballot's Motion for New Trial. Dkt. # 115. The Court has considered the materials filed in support of and in opposition to the motion, pertinent parts of the record, and the applicable law. Being fully advised, for the reasons below, the Court DENIES the motion.

# II
## BACKGROUND

On September 10, 2025, a jury found Defendant guilty of one count of Abusive Sexual Contact in Special Aircraft Jurisdiction. Dkt. 105 at 2. The crime involved one minor victim,

ORDER - 1

E.C. Dkt. ## 14 and 97. In reaching its verdict, the jury heard testimony from H.N., another alleged minor victim of Defendant. Dkt. # 97. The government sought H.N.'s testimony under Federal Rule of Evidence 413, which provides that in "a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." *See* Fed. R. Evid. 413(a). Such evidence, sometimes called propensity evidence, is otherwise inadmissible outside certain exceptions. *See generally* Fed. R. Evid. 404(b).

Defendant now moves for a new trial under Federal Rule of Criminal Procedure 33. First, he points to the government's reliance on H.N.'s testimony because, in his telling, it was the government's "exclusive[]" evidence of intent. Dkt. 115 at 2. Defendant says that without H.N.'s testimony, it would not have been possible for the jury to conclude beyond a reasonable doubt that Defendant possessed the requisite intent to be found guilty of Abusive Sexual Contact, and thus the evidence was more prejudicial than probative. *Id*. Second, Defendant contends that the government said it needed H.N.'s testimony to bolster the victim's credibility, even though Defendant never sought to attack and in fact did not attack the victim's credibility at trial, and so H.N.'s testimony was ultimately unnecessary. Dkt. 115 at 3–4. Thus, he says, "the gap between the government's original arguments about H.N.'s testimony and then what it did at trial" amounted to a serious miscarriage of justice. *Id*.

### III
#### DISCUSSION

A.    Legal Standards

Federal Rule of Criminal Procedure 33 authorizes the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." The interest of justice requires a new trial if, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence

ORDER - 2

preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992). This occurs "only in exceptional cases." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (citation omitted). "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Alston*, 974 F.2d at 1211. A serious miscarriage of justice can occur based on evidentiary rulings. *See United States v. Kellington*, 217 F.3d 1084, 1099 (9th Cir. 2000). "A motion for a new trial is directed to the discretion of the district judge." *Pimentel*, 654 F.2d at 545.

B.     Defendant's "Exclusive Ground" Argument

Defendant's first argument essentially posits that the verdict went against the weight of the evidence because the only evidence of intent, a necessary element of the crime with which he was charged, was H.N.'s testimony.

Courts in this Circuit have granted new trials where defendants point to multiple evidentiary improprieties on the part of the government. *See, e.g.*, *United States v. Ionutescu*, 752 F. Supp. 2d 1091, 1102–05 (D. Ariz. 2009) (weight of evidence from two witnesses, video evidence, and documentary evidence militated against conviction in wire fraud conspiracy); *United States v. Henderson*, 318 F. Supp. 3d 1221, 1246 (E.D. Wash. 2018) (new trial warranted since key evidence was likely confusing to the jury, new evidence arose post conviction, and prosecutors made several mistakes to which the defense objected during closing). When defendants manage to prevail on a motion for a new trial based on a single purported evidentiary impropriety, the problematic evidence is the sole proof on an essential element. *See United States v. Davis*, 960 F.2d 820, 825 (9th Cir. 1992) (if uncorroborated and unreliable witness testimony "provided the only evidence of an essential element of the government's case," the

"interest of justice would support a new trial under Rule 33"); *see, e.g.*, *United States v. Capati*, 980 F. Supp. 1114, 1134 (S.D. Cal. 1997), *aff'd,* 162 F.3d 1170 (9th Cir. 1998) (new trial warranted when "the only evidence from which [the defendant's] criminal participation in the robberies could be established came from" testimony that was "demonstrably false").

Here, Defendant points to only a single purported impropriety: the jury's reliance on H.N.'s testimony. Defendant argues that "the government relied almost exclusively on [H.N.'s] testimony to prove . . . intent," but, in the Court's view, it properly admitted the evidence. Nor does the Court find H.N.'s testimony not credible, a circumstance which could justify a new trial. *See Davis*, 960 F.2d at 825. Moreover, H.N.'s testimony was not strictly the sole evidence of intent. The government properly told the jury in closing that "credible testimony of a victim," which the jury heard when E.C. testified, "is proof beyond a reasonable doubt." Dkt. # 111 at 8:3–5; *see also United States v. Jurkovic*, 2025 WL 2992503 (9th Cir. Oct. 24, 2025) (same; airplane touching case); *United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) ("It is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction."). Even if the only evidence of intent were an inference drawn from E.C.'s testimony, this likely would have been enough evidence to convict. *See id*. Defendant's argument does not persuade the Court that the interests of justice require a new trial.

C.   Defendant's "New Circumstance" Argument

Defendant contends, in brief, that since the only evidence of sexual intent that the jury relied on was H.N.'s testimony, and since H.N.'s testimony was, in Defendant's telling, ultimately not needed, the jury's consideration of that testimony amounted to a serious miscarriage of justice. In other words, since there was "no need to bolster [E.C.'s] credibility," there was no need to introduce H.N.'s testimony, which amounts to a "'new' circumstance" that should justify a new trial. *See* Dkt. # 118 at 1–2.

ORDER - 4

First, a "new circumstance" is not a ground on which to grant a new trial under Rule 33. A common basis to grant a new trial is the discovery of new evidence, but Defendant does not argue that here. Defendant's "new circumstance" contention rather gestures at an argument that H.N.'s testimony was more prejudicial than probative, essentially asking the Court to grant a new trial because of this purported evidentiary impropriety. To the extent that this effectively asks the Court to revisit its ruling allowing H.N.'s testimony, *see* Dkt. # 80 at 2–4, the Court declines to do so here.

Moreover, the alleged lack of necessity of prior acts evidence is not a basis to exclude that evidence. "Prior acts evidence need not be absolutely necessary to the prosecution's case in order to be introduced; it must simply be helpful or practically necessary." *LeMay*, 260 F.3d at 1029. Other courts have permitted a jury's consideration of such evidence in similar circumstances. *See, e.g.*, *United States v. Erramilli*, 2013 WL 1403206, at *8 (N.D. Ill. Apr. 4, 2013), *aff'd*, 788 F.3d 723 (7th Cir. 2015) (denying Rule 33 motion in airline assault case because Rule 413 evidence "was relevant to the intent element of the charged crime"). And Defendant offers no cases in which the purported lack of necessity of evidence justified granting a new trial.

Nor does Defendant provide any authority supporting the proposition that any supposed "gap between the government's original arguments" about why evidence should be introduced "and then what it did at trial" with that evidence can amount to a serious miscarriage of justice. Dkt. # 115 at 3. The Court has not located any such authority either. Further, Defendant could have objected during closing arguments or moving for a jury instruction prohibiting the jury from considering H.N.'s testimony. *See Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1148 (9th Cir. 2001) (when counsel fails to raise a timely objection during closing arguments, any allegedly improper comments in closing are reviewed for plain error). Ultimately, the prior acts

ORDER - 5

evidence here was, at minimum, "helpful" to the jury, the government properly used it in closing argument, and its consideration was proper. *See LeMay*, 260 F.3d at 1029.

## IV
### CONCLUSION

For the above reasons, the Court DENIES Defendant's Motion for a New Trial. Dkt. # 115.

Dated this 17th day of November, 2025.

*John H. Chun*
John H. Chun
United States District Judge